IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 1:24-CR-392 (MAD) |
| v. | ) Indictment |
| KRIS ROGLIERI, | ) Violations: 18 U.S.C. § 1343 |
| | ) [Wire Fraud] |
| Defendant. | ) |
| | ) Five Counts & Forfeiture Allegation |
| | ) County of Offenses: Warren |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 19 2024
AT____ O'CLOCK____
John M. Domurad, Clerk - Albany

**THE GRAND JURY CHARGES:**

**Background**

At all times relevant to this indictment:

1. The defendant, **KRIS ROGLIERI**, resided in Warren County, New York.

2. Prime Capital Ventures, LLC ("Prime Capital") and its affiliate, Prime Commercial Lending, LLC ("Prime Commercial"), were companies based in Albany, New York, holding themselves out to be involved in commercial lending.

3. **ROGLIERI** was the Chief Executive Officer and sole member of both Prime Capital and Prime Commercial.

4. Prime Capital maintained a bank account ending in 2233 (the "Prime Capital Bank Account") and Prime Commercial maintained a bank account ending in 4465 (the "Prime Commercial Bank Account") at KeyBank, N.A.

5. **ROGLIERI** was the only signatory on the Prime Capital Bank Account and Prime Commercial Bank Account.

6. 1800 Park Avenue LLC ("1800 Park") was a Minnesota company that sought Prime Capital's assistance in obtaining a loan to build a commercial egg production facility.

## The Scheme to Defraud

7.     In or around December 2023, **ROGLIERI** fraudulently sought and obtained a $5,000,000 "Interest Credit Account Payment," or "ICA" payment, from 1800 Park. **ROGLIERI** did so under the false promise and representation that the funds would be kept in a "separate and distinct account" and would be "refundable" if Prime Commercial and 1800 Park did not enter into an agreement for an approximately $100 million line of credit. No such agreement was entered.

8.     **ROGLIERI** had no intention of maintaining 1800 Park's funds as promised. Instead, he used the funds for, among other things, Prime Capital's business expenses unrelated to 1800 Park and to fund his extravagant lifestyle.

9.     On or about December 22, 2023, 1800 Park transferred the $5,000,000 payment to the Prime Capital Bank Account. That same day, **ROGLIERI** transferred the $5,000,000 from the Prime Capital Bank Account to the Prime Commercial Bank Account. **ROGLIERI** then stole and fraudulently used the funds as follows:

    a.     On or about December 22, 2023, $950,000 was transferred to Company-1, a Prime Capital client based on Saratoga County, New York, as partial loan funding for Company-1's real estate project.

    b.     On or about December 22, 2023, $2,000,000 was transferred to a credit union account held by Company-2, a Virginia company.

    c.     On or about December 26, 2023, $101,000 was paid to Company-3, which provided private jet services, for round-trip private air travel between Albany International Airport and Anguilla. The flight was for a family vacation taken by **ROGLIERI** from on or about December 29, 2023 to on or about January 5, 2024.

d.    On or about December 26, 2023, $84,000 was paid to Company-4, a company that sells high-end watches, to purchase a Rolex day-date yellow gold diamond bezel watch.

e.    On or about December 29, 2023, $400,000 was paid to Law Firm-1, which represented Prime Capital in several court proceedings.

## COUNTS 1-5
## [Wire Fraud]

10.   Paragraphs 1 through 9 are hereby realleged and incorporated as if fully set forth herein.

11.   From at least December 2023 until in or around January 2024, in Warren County in the Northern District of New York, and elsewhere, the defendant, **KRIS ROGLIERI**, devised and intended to device a scheme and artifice to defraud 1800 Park, and to obtain money and property from 1800 Park by means of materially false and fraudulent pretenses, representations, and promises.

12.   For the purpose of executing such scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, **ROGLIERI**, on or about the dates listed below, transmitted and caused to be transmitted by means of wire communication in interstate commerce the following writings, signs, and signals, that is, wire transfer requests transmitted over the internet by **ROGLIERI** from his home in the Northern District of New York to KeyBank, N.A. computers in Ohio initiating wire transfers from the Prime Commercial Bank Account to the following recipients:

| Count | Approximate Date | Amount | Recipient of Wire Transfer |
|---|---|---|---|
| 1 | December 22, 2023 | $950,000 | Company-1 |
| 2 | December 22, 2023 | $2,000,000 | Company-2 |
| 3 | December 26, 2023 | $101,000 | Company-3 |
| 4 | December 26, 2023 | $84,000 | Company-4 |

| Count | Approximate Date | Amount | Recipient of Wire Transfer |
|---|---|---|---|
| 5 | December 29, 2023 | $400,000 | Law Firm-1 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

13. The allegations contained in Counts 1 through 5 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

14. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts 1 through 5 of this indictment, the defendant, **KRIS ROGLIERI**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes and is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. a money judgment of $5,000,000;

   b. a Rolex day-date yellow gold diamond bezel watch bearing Serial No. 16JV1686;

   c. $223,365 in U.S. currency seized from the Thread Bank account with account number ending in 7554; and

   d. $467,810 in U.S. currency seized from the Thread Bank account with account number ending in 1832.

15. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

   All pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

Dated: September 19, 2024

A TRUE BILL.

Grand Jury Foreperson
\*\*\*Redacted

CARLA B. FREEDMAN
United States Attorney

By: _____
Joshua R. Rosenthal
Michael Barnett
Assistant United States Attorneys
Bar Roll Nos. 700730 & 519140