IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     1:24-CR-392 (MAD) |
| | ) | |
| **v.** | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **KRIS ROGLIERI,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Matthew E. Trainor and Jeremy B. Sporn, attorneys for Kris Roglieri, having moved for a continuance of 90 days within which the parties may complete discovery, file motions and prepare for trial in the above-captioned action, and Daniel Hanlon, Acting United States Attorney for the Northern District of New York, Assistant U.S. Attorneys Joshua R. Rosenthal and Michael Barnett appearing, having consented to the continuance and proposed the exclusion of the 90-day period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1) The prior proceedings in this case occurred as follows:

    a) Date of complaint: May 28, 2024

    b) Date of initial appearance: May 31, 2024

    c) Date of indictment: September 19, 2024

    d) Date of arraignment: Waived on September 30, 2024

    e) Defendant custody status: Detained.

        i) Date United States moved for detention: May 31, 2024

        ii) Date of detention hearings: June 3, 2024 and reopened on November 25, 2024.

        iii) Date detention decision issued: June 3, 2024, November 25, 2024, and January 30, 2025 (currently subject of an interlocutory appeal).

2)       The Court previously ordered the following exclusions under the Speedy Trial Act:

*Pre-Indictment*

    a)     June 12, 2024 through August 9, 2024.  Dkt. # 15.

    b)     August 6, 2024 through September 6, 2024.  Dkt. # 34.

*Post-Indictment*

    a)     October 3, 2024 through December 31, 2024.  Dkt. # 45.

    b)     December 19, 2024 through March 18, 2025.  Dkt. # 62.

3)       Kris Roglieri has requested the continuance based on the following facts and circumstances:  The allegations in the indictment and the scope of the government's investigation involve complex factual and legal issues, including a substantial number of alleged victims of the conduct subject of the government's investigation.  The defendant and his companies are involved in several civil and bankruptcy litigations concerning the same or similar subject matter.  The government has made several productions of voluminous pre-indictment and post-indictment discovery to defense counsel and will produce additional voluminous discovery pursuant to the Court's pretrial scheduling order.

4)       The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial because the case is so complex due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the default time limits established by the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(7)(B)(ii).  Alternatively, the delay is necessary to allow the

parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).[1]

5) The parties stipulate and agree that a period of 90 days from the date of the signing of this Order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii), (iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: March 10, 2025

DANIEL HANLON
Acting United States Attorney

By: _____
Joshua R. Rosenthal
Michael Barnett
Assistant United States Attorneys
Bar Roll Nos. 700730 & 519140

_____
Matthew E. Trainor
Jeremy B. Sporn
Attorneys for Kris Roglieri
Bar Roll Nos. 105643 & 704243

---

[1] The parties recognize that Speedy Trial Act time is currently tolled by the defendant's pending interlocutory appeal of the Court's order concerning his pretrial detention pursuant to 18 U.S.C. § 3161(h)(1)(C). The parties nonetheless believe that an additional exclusion is merited for the reasons set forth herein.