IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:24-CR-392 (MAD) |
| | ) | |
| v. | ) | |
| | ) | |
| **KRIS ROGLIERI,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PRELIMINARY ORDER OF FORFEITURE FOR SPECIFIC PROPERTY**

WHEREAS, on November 13, 2025, KRIS ROGLIERI ("the defendant"), pled guilty to Count 1 of Superseding Indictment in case number 1:24-CR-392 (MAD), for which the government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, the defendant consented in his Plea Agreement to the forfeiture of any property, real or personal, which constitutes and is derived from proceeds traceable to the offense of conviction as set forth in Count 1, including, but not limited to:

(a) a money judgment of $183,818,821.82;

(b) One 2003 Ferrari Enzo AB Version E, VIN #: ZFFCZ56B000132659;

(c) One 2014 Ferrari LaFerrari, VIN #: ZFF76ZHB000203166;

(d) One 2022 Mercedes Benz, VIN #: W1NYC8AJXNX445045;

(e) One 1982 Mercedes Benz 500SL, VIN #: WDB10704612001675;

(f) One 1989 Mercedes Benz 560 SEL, VIN #: WDB1260391A497466;

(g) One 2007 Mercedes Benz SLR McLaren, VIN #: WDDAJ76F27M001391;

(h) One 1987 Mercedes Benz 560, VIN #: WDB1260451A315331;

(i) One 2004 Porsche Carrera, VIN #: WP0ZZZ98Z4L000069;

(j) One 2022 Ferrari 812 Competizione, VIN #: ZFF03TLA5N0277054;

(k) One 2020 Mercedes Benz GT63C4S, VIN #: WDD7X8KB3LA012445;

(l) One 2006 Maserati MC 12 Corse, VIN #: ZAMDF44B000029626;

(m) One 2023 Mercedes Benz, VIN #: W1K6X7KB5PA204980;

(n) One Ferrari Engine Table;

(o) $223,365.00 in U.S. currency seized from Thread Bank Account ending 7554 held in the name of ABBJ, LLC;

(p) $467,810.00 in U.S. currency seized from Thread Bank Account ending 1832 held in the name of Capital Investments US, LLC;

(q) A refund in the amount of $72,825.83 in U.S. Currency seized from Ai Design;

(r) One Richard Mille RM011 Watch with serial number 2722;

(s) One Richard Mille RM 65-01 Watch;

(t) One Rolex Watch, Serial Number 16JV1686;

(u) One Rolex Watch, Serial Number: Y74R6549;

(v) One Rolex Watch, Serial Number: 7P65S042;

(w) One Rolex Watch, Serial Number: 0WU66577;

(x) One Rolex Watch, Serial Number: 65R11547;

(y) One Rolex Watch, Serial Number: 8S927086; and

(z) Real property commonly known as 600 Linkhorn Drive, Virginia Beach, VA 23451, more particularly described, as follows:

ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon, situate in the City of Virginia Beach (formerly Princess Anne County), Virginia, and known, numbered and designated as Site One Hundred Fifty-Seven (157), as show on the Plat of Linkhorn Park, which plat is duly recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach (formerly Princess Anne County), Virginia in Map Book 5, Page 151.

BEING ALL and the same lands and premises conveyed to Charles G. Barker and Susan L. Barker by 152 Pinewood Road, LLC, a Virginia Limited Liability Company in a Deed of Bargain and Sale dated 05/29/2020 and recorded 06/02/2020 in Document Number 20200602000466550, in the Clerk's Office of the Circuit Court of Virginia Beach, VA.

IT IS NOW HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The defendant shall forfeit to the United States all right, title and interest in the following specific property:

- (a) a money judgment of $183,818,821.82;

- (b) One 2003 Ferrari Enzo AB Version E, VIN #: ZFFCZ56B000132659;

- (c) One 2014 Ferrari LaFerrari, VIN #: ZFF76ZHB000203166;

- (d) One 2022 Mercedes Benz, VIN #: W1NYC8AJXNX445045;

- (e) One 1982 Mercedes Benz 500SL, VIN #: WDB10704612001675;

- (f) One 1989 Mercedes Benz 560 SEL, VIN #: WDB1260391A497466;

- (g) One 2007 Mercedes Benz SLR McLaren, VIN #: WDDAJ76F27M001391;

- (h) One 1987 Mercedes Benz 560, VIN #: WDB1260451A315331;

- (i) One 2004 Porsche Carrera, VIN #: WP0ZZZ98Z4L000069;

- (j) One 2022 Ferrari 812 Competizione, VIN #: ZFF03TLA5N0277054;

- (k) One 2020 Mercedes Benz GT63C4S, VIN #: WDD7X8KB3LA012445;

- (l) One 2006 Maserati MC 12 Corse, VIN #: ZAMDF44B000029626;

- (m) One 2023 Mercedes Benz, VIN #: W1K6X7KB5PA204980;

- (n) One Ferrari Engine Table;

- (o) $223,365.00 in U.S. currency seized from Thread Bank Account ending 7554 held in the name of ABBJ, LLC;

- (p) $467,810.00 in U.S. currency seized from Thread Bank Account ending 1832 held in the name of Capital Investments US, LLC;

- (q) A refund in the amount of $72,825.83 in U.S. Currency seized from Ai Design;

- (r) One Richard Mille RM011 Watch with serial number 2722;

- (s) One Richard Mille RM 65-01 Watch;

- (t) One Rolex Watch, Serial Number 16JV1686;

    (u) One Rolex Watch, Serial Number: Y74R6549;

    (v) One Rolex Watch, Serial Number: 7P65S042;

    (w) One Rolex Watch, Serial Number: 0WU66577;

    (x) One Rolex Watch, Serial Number: 65R11547;

    (y) One Rolex Watch, Serial Number: 8S927086; and

    (z) Real property commonly known as 600 Linkhorn Drive, Virginia Beach, VA 23451, more particularly described, as follows:

> ALL that certain lot, piece or parcel of land, with the buildings and improvements thereon, situate in the City of Virginia Beach (formerly Princess Anne County), Virginia, and known, numbered and designated as Site One Hundred Fifty-Seven (157), as show on the Plat of Linkhorn Park, which plat is duly recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach (formerly Princess Anne County), Virginia in Map Book 5, Page 151.
>
> BEING ALL and the same lands and premises conveyed to Charles G. Barker and Susan L. Barker by 152 Pinewood Road, LLC, a Virginia Limited Liability Company in a Deed of Bargain and Sale dated 05/29/2020 and recorded 06/02/2020 in Document Number 20200602000466550, in the Clerk's Office of the Circuit Court of Virginia Beach, VA.

2. Upon the entry of this Order, the United States Attorney General, or her designated representative, is authorized to seize the property set forth above which is subject to forfeiture, and to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(g).

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General, or her representative, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

5. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the specific property set forth above in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of this property to the United States. Furthermore, the defendant shall take whatever steps necessary to ensure that clear title to the property passes to the United States, including the execution of any and all documents needed to effectuate the surrender and forfeiture of this property to the United States. If any third-party files a claim to the property, the defendant will assist the government in defending such claims. If the property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the missing property, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

6. The defendant executed a plea agreement in this case in which he knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or property forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the property and/or money forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of same, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the United States Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Any person, other than the defendant, asserting a legal interest in any of the subject property may, no later than sixty (60) days after the first day of publication on the official government internet website, www.forfeiture.gov, or no later than thirty (30) days after receipt of direct notice, if any, under Rule G(4)(a), whichever is earlier, petition the Court for a hearing

without a jury to adjudicate the validity of his or her claimed interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(1) incorporating 21 U.S.C. § 853(n), for the filing of third-party petitions.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing, or, where a written Plea Agreement has been entered, any time after the issuance of this Preliminary Order of Forfeiture.

12. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), this Order of Forfeiture shall be made part of the defendant's sentence and included in the judgment.

13. The forfeiture of the property set forth above shall not be considered the payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Date: _____    _____
                                   Hon. Mae A. D'Agostino
                                   United States District Court Judge