# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



**Albany Office**

54 State Street
Suite 310
Albany, NY 12207
(518) 436-1850
(518) 436-1780 Fax

**Syracuse Office**

4 Clinton Square
3rd Floor
Syracuse, NY 13202
(315) 701-0080
(315) 701-0081 Fax

Eric K. Schillinger - Federal Public Defender
Emma Reynolds - First Assistant

April 17, 2026

Hon. Mae A. D'Agostino, U.S. District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

   **re:  United States v. Kris Roglieri**
      **Case No. 1:24-cr-392 (MAD)**

Dear Judge D'Agostino:

  Having come to an agreement with the Government the appropriate amount of restitution to be paid the first eight victims listed in the Presentence Investigation Report just prior to the sentencing hearing held on April 3, 2026, *see* PSIR at ¶135, the Court provided the parties two weeks to brief the Court regarding Victim #9. The government has provided to the Court a spreadsheet that was also provided to the defense well prior to the sentencing hearing. The spreadsheet contains expenditures made by Victim 9 ostensibly in preparation of having the funds necessary to purchase the property where the project was to be completed. There were at least forty different expenditures from law firms, Engineering, Real Estate Services, Architecture firms, and others. The spreadsheet doesn't establish any specifics regarding what each organization specifically performed for Victim 9, but I have no doubt that Victim 9 received the value of those expenditures.

  In addition to these expenditures, Victim 9 transferred $4,312,500.00 as an Interest Credit Account pursuant to a Development Line of Credit Agreement signed by Victim 9 and Mr. Roglieri. Victim 9 obtained a short term $5,000,000.00 loan to provide this payment. Victim 9

was promised a line of credit that was believed to be sufficient to complete the project.  The money transferred to Prime was never returned despite the conditions in the signed contract that required Prime as the Lender to return it upon default.

What is clear from the spreadsheet is that Victim 9 intended to recover the cost of all of those expenditures by completing the project and using the expected profits therefrom.  According to the spreadsheet provided, Victim 9 had incurred $5,491,452.00 in expenditures *before* the Development Line of Credit Agreement was executed, the first expenditures, according to Victim 9's spreadsheet, was more than seven months prior to entering into that written agreement.  If Victim 9 had balked at signing the Line of Credit Agreement, and had walked away on April 6, 2023, would there have been any basis to claim victim status and the right to restitution for those expenditures that were freely made?

Mr. Roglieri has already consented to paying $5,000,000.00 in restitution to Victim 9.  This is a fair and just amount taking into account potential interest and conservative returns on investments from the $4,312,500.00 between April 6, 2023 and today.  The government seeks to recover expenditures made by Victim 9, several months before there was any signed contract with Prime.  This is not something that would necessarily be reasonably foreseeable to Mr. Roglieri that would require those expenditures be reimbursed via the restitution via the Mandatory Victims Restitution Act.

Sincerely,

Matthew E. Trainor
Assistant Federal Public Defender
Bar Roll # 105643
matthew_trainor@fd.org

cc:    AUSA Joshua Rosenthal – via ECF